UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

December 21, 2012

LETTER TO COUNSEL:

    RE:    *JoAnn Conners v. Commissioner, Social Security Administration*;
            Civil No. SAG-10-0306

Dear Counsel:

    On February 9, 2010, the Plaintiff, JoAnn Conners, petitioned the court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits and Supplemental Security Income. ECF No. 1. I have considered the parties' cross-motions for summary judgment. ECF Nos. 20, 26. I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). The court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

    Ms. Conners filed her claim on April 10, 2007, alleging disability beginning on January 1, 2001. (Tr. 128). Her claim was denied initially on June 18, 2007, and on reconsideration on April 22, 2008. (Tr. 67, 88). A hearing was held on April 2, 2009 before an Administrative Law Judge ("ALJ"). (Tr. 23-63). Following the hearing, on June 30, 2009, the ALJ determined that Ms. Conners was not disabled during the relevant time frame. (Tr. 12-22). The Appeals Council denied Ms. Conners's request for review (Tr. 1-3), so the ALJ's decision constitutes the final, reviewable decision of the agency.

    The ALJ found that Ms. Conners suffered from severe impairments including "pain as residuals of breast cancer and related treatment, right rotator cuff tear, disorder of the cervical spine, osteopenia, coronary artery disease, depression, anxiety, and mild mental retardation." (Tr. 14). Despite these impairments, the ALJ determined that Ms. Conners retained the residual functional capacity ("RFC") to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she cannot climb ropes, ladders, or scaffolds and can only occasionally engage in other postural maneuvers. Nonexertionally, she can perform unskilled work that does not require more than occasional interaction with the general public and does not entail more than few, if any, work place changes.

*JoAnn Conners v. Commissioner, Social Security Administration*
Civil No. SAG-10-0306
December 21, 2012
Page 2

(Tr. 16). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Conners could perform jobs that exist in significant numbers in the national economy, and that she was therefore not disabled during the relevant time frame. (Tr. 21-22).

Ms. Conners presents two primary arguments on appeal: (1) that the ALJ erroneously assessed her RFC; and (2) that the ALJ presented an improper hypothetical to the VE. Each argument, and all of the sub-arguments contained therein, lacks merit.

First, Ms. Conners submits that the ALJ erroneously assessed her RFC in four ways. Her initial contention is that the RFC did not include limitations for her rotator cuff injury or her neck impairments. Pl.'s Mot. 6. The ALJ discussed those impairments in detail in his opinion, noting that "her symptoms responded to treatment and following treatment examinations revealed that her neck was supple, she had no motor deficits in her upper extremities, and sensation, reflexes, and range of motion in her cervical spine, right shoulder, and upper extremities were normal." (Tr. 18). The ALJ cited to a series of exhibits in the medical records which provide support for his determination. *Id.* As a result, I find that his opinion is supported by substantial evidence.

Ms. Conners next suggests that the ALJ's RFC determination did not include limitations relating to concentration, persistence, or pace. Pl.'s Mot. 7. The ALJ provided an extensive discussion of Ms. Conners's mental limitations in his opinion, specifically noting that "she has problems with attention and task completion, but she manages her own finances, follows instructions, and needs no reminders." (Tr. 16). The ALJ further noted that she "understands and follows written instructions." (Tr. 20). The ALJ limited Ms. Conners to "unskilled work that does not require more than occasional interaction with the general public or more than few, if any, changes in the work place." *Id.* Those limitations in the RFC sufficiently account for the impairment with concentration, persistence, and pace shown in the medical evidence.

Ms. Conners further contends that the ALJ did not sufficiently consider the opinion of consultative examiner Dr. Janet Anderson as it pertained to her work-related functions. Pl.'s Mot. 8. However, the ALJ summarized Dr. Anderson's findings as pertaining to Ms. Conners's ability to "make occupational adjustments, maintain attention and concentration, make social adjustments, or perform even simple instructions." (Tr. 20). All of those are work-related functions. He then complied with the factors described in 20 C.F.R. § 404.1527(d) by considering the reasons he was affording only "some weight" to Dr. Anderson's opinion. Specifically, he noted her lack of longitudinal history with Ms. Conners, the fact that Ms. Conners's symptoms responded to medications, and the inconsistencies between Dr. Anderson's opinion and (1) the other medical evidence of record and (2) Ms. Conners's activities of daily living. *Id.* The ALJ's assignment of weight to Dr. Anderson's opinion is therefore supported by substantial evidence.

Ms. Conners's last sub-argument with respect to the ALJ's RFC determination is that he conducted an inadequate assessment of her mental RFC. Pl.'s Mot. 11. As noted above, the ALJ discussed Ms. Conners's mental capacity both during his step two analysis and in his

determination of her RFC. (Tr. 15-16, 19-20). His discussion during the RFC determination, in compliance with the regulations, included a more specific analysis of her ability to perform work-functions. (Tr. 19-20). I find that the ALJ's discussion provided a sufficient basis to understand his reasoning, and that his opinion is supported by substantial evidence. The RFC determination therefore provides no basis for remand.

Ms. Conners's second primary argument is that the ALJ presented an improper hypothetical to the VE, because he failed to include limitations for her neck pain, rotator cuff injury, and impairments in concentration, persistence, and pace. The ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel*, No. 98–1144, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999), and need only pose those that are based on substantial evidence and accurately reflect a claimant's limitations. *See Copeland v. Bowen*, 861 F.2d 536, 540–41 (9th Cir. 1988). As set forth above, substantial evidence supported the ALJ's assessment of Ms. Conners's RFC. As a result, his hypothetical question to the VE, which accurately incorporated the RFC assessment he made, was permissible without including any additional limitations that the ALJ did not deem valid.

For the reasons set forth herein, Plaintiff's motion for summary judgment, ECF No. 20, will be DENIED and the Commissioner's motion for summary judgment, ECF No. 26, will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge